## THE WINNING AWAY OF CLIENTS BY A FORMER OFFICE EMPLOYE.

Common-Pleas Court of Franklin County.

WARREN E. LANGDON v. GILBERT B. HOUCK.

Decided, 1912.

*Contracts of Employment—Injunction Against Violation of Negative Agreement—Decree Against Such Violation in Effect One for Specific Performance—Taking Over of Clients of Employer.*

A negative contract, binding one accepting employment with a public accountant not to take business on his own account from regular clients of his employer, is enforcible by injunction where the rights of innocent third parties are not involved.

*Donald & Tussing,* for plaintiff.
*Booth, Keating, Peters & Pomerene,* contra.

The petition in this case alleged that the plaintiff since the year —— has.

"Been engaged and is now engaged in the business and profession of a certified public accountant and factory cost specialist, in the state of Ohio, with his principal office and place of business in the city of Columbus, in said state. That by reason of great care, probity, honesty, close application to said business, coupled with professional skill, plaintiff has built up a large and profitable business and has acquired a large clientage and a valuable good-will in said business and profession, which is a source of great profit to plaintiff herein.

"On or about the —— day of December, 1909, plaintiff entered into a contract with the defendant, whereby plaintiff employed said defendant in his said business as an expert accountant to assist plaintiff in the carrying on of his said business and whereby he agreed to pay and did pay to said defendant, the sum of one hundred dollars per month, payable weekly until October first, 1910, when plaintiff and defendant renewed said contract and by the terms of which said renewed contract plaintiff employed said defendant in his said business as an expert accoun-

tant to assist plaintiff in the carrying on of his said business, and by the terms of which renewed contract plaintiff agreed to pay and did pay to said defendant, the sum of twenty-five dollars per week payable weekly, and whereby said defendant was to receive and did receive a further consideration for his services as aforesaid, a bonus of 25 per cent. of the contract price on all contracts from new clients which should be secured by said defendant less the amount of salary and expense charged against prospective work from such clients and a further bonus of 2½ per cent. of the contract price on all business personally secured by said defendant from regular clients of plaintiff, less time and expense spent by defendant in securing such regular clients—upon the express stipulation and condition on the part of said defendant that the said defendant while so employed by plaintiff and after he should leave plaintiff's employment, should not and would not, take in any manner any of plaintiff's clients as his own, nor take employment with any clients of plaintiff.

"Plaintiff further says that through the employment of said defendant by plaintiff as aforesaid, said defendant became acquainted with the business and clientage of plaintiff and of the value of the good-will belonging to plaintiff attached thereto.

"Plaintiff further says that on or about the 10th day of December, 1910, said defendant left the employment of plaintiff and in violation of his said contract with plaintiff has solicited various clients of plaintiff for their business heretofore enjoyed by the plaintiff herein and has endeavored to take from plaintiff, as his own, the business of clients of plaintiff heretofore enjoyed by plaintiff, and has succeeded in taking from plaintiff the business of various clients of plaintiff heretofore enjoyed by plaintiff, as a certified public accountant and factory cost specialist.

"Plaintiff further says that unless restrained by the order of this court, the defendant in violation of his said contract with plaintiff will continue to annoy plaintiff in his said business and profession and endeavor to take from plaintiff his said business and clients as a certified public accountant and factory cost specialist, as aforesaid, to his great and irreparable injury and damage and for which plaintiff has no adequate remedy at law.

"Wherefore plaintiff prays that a temporary injunction may issue against said defendant enjoining him from in any manner taking from plaintiff or endeavoring to take from plaintiff the clients and business of plaintiff as a certified public accountant as aforesaid and that upon final hearing said injunction may be made perpetual and for such other and further relief to which plaintiff may be entitled."

BIGGER, J.

By the averments of the petition, which are not denied, it appears the defendant agreed that he would not take employment with any clients of plaintiff. The contract which is attached to the petition recognized the difference between contracts made with "new clients," and new business with "regular clients." The contract construed together means that defendant will not take employment with those who had before employed the plaintiff, as the contract divides them into two classes, to-wit: new clients, or those who had not employed plaintiff before, and regular clients or old clients from whom defendant might secure new business.

I think the contract is a valid one, and that the defendant has violated it is clear. His contract bound him not merely to solicit employment, but not to take it.

Insofar as the defendant has made contracts with firms and corporations having no knowledge of the terms of this contract, he can not be enjoined from carrying out the contracts as the rights of innocent third parties are attacked. But he will be enjoined from entering into any new contracts with former clients of plaintiff, on plaintiff giving bond in the sum of $500.